```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DIRECTV, INC.,                    )
     Plaintiff,                   )
                                  )
     v.                           )     C.A. No. 03-12292-MLW
                                  )
CRAIG PATRICK,                    )
     Defendant.                   )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 30, 2005

On September 17, 2004, the court issued a Memorandum and Order that directed John M. McLaughlin, Esq. to, by October 21, 2004, seek to show cause why he and his client, plaintiff DIRECTV, Inc., should not be sanctioned under Federal Rule of Civil Procedure 11(b) with regard to specified allegations of the Complaint in this case. On October 21, 2004, Mr. McLaughlin submitted a response (the "Response") to that Order and the court has considered it.

On March 24, 2005, Mr. McLaughlin submitted a supplemental response to the court, referencing a 1999 decision by the First Circuit, Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711 (1st Cir. 1999) and complaints from other cases. He has not filed a motion for leave to file late nor submitted any explanation of why the Desilets case was not cited previously. See 7 Charles A. Wright, et al., Federal Practice and Procedure §1165.2 (3rd ed. 2001) ("Wright & Miller") ("A request for an extension [of time] should be made upon formal application for an order in compliance with the provisions of [Federal] Rule 7(b)(1)."). Accordingly, the court is

not obligated to consider the supplemental response. See <u>Maldonado-Denis v. Castillo-Rodriquez</u>, 23 F.3d 576, 583-84 (1st Cir. 1994). Nevertheless, the court has done so.

The September 17, 2004 Memorandum and Order did not raise questions about the adequacy of the basis for alleging in Counts 1 and 2 that defendant Craig Patrick received DIRECTV's satellite transmissions without authorization in violation of 47 U.S.C. §605(a) and 18 U.S.C. §2511(1)(a) ("Title III"). The court did question whether there was, as required by Rule 11(b)(3), a proper factual basis for two of the other claims. The Response explains that, prior to the filing of the complaint, expert analysis indicated to DIRECTV and its counsel that while the "Atomic Multi-Purpose" device Patrick allegedly purchased could theoretically be used for a limited set of legitimate purposes, it was primarily designed to modify DIRECTV Access cards and, therefore, to assist in the piracy of DIRECTV's satellite signals. The explanation establishes a proper basis under Federal Rule of Civil Procedure 11(b) for the allegations in Count 4, that Patrick modified existing equipment to assist in the unauthorized interception of DIRECTV's satellite programming in violation of 47 U.S.C. §605(e)(4).

The court continues to be concerned, however, about whether there was a proper Rule 11(b) basis for the claim in Count 3 that Patrick unlawfully distributed one or more Pirate Access Devices as

2

alleged in Count 3. As described in the September 17, 2004 Memorandum and Order, DIRECTV alleged in paragraph 19 of the complaint that Patrick purchased "one (1) Atomic Multi-Purpose" device and in paragraph 37 that he distributed "one or more Pirate Access Devices to third parties." If damages are awarded, the statutory minimum damages under 47 U.S.C. §605 are ten times higher for distributors of unlawful devices than end-users. More specifically, the minimums if damages are awarded are $10,000 for distributors and $1000 for end-users. See 47 U.S.C. §605. The defendants in DIRECTV's cases frequently do not respond to the complaint and are defaulted. Therefore, if there is not a reasonable inquiry that provides a proper factual basis for alleging that a defendant is a distributor, there is a real risk that a default judgment will improperly award DIRECTV substantially more in damages than the law contemplates.

The Response does not indicate that DIRECTV or its counsel made any individualized inquiry to determine whether Patrick had distributed any device. Rather, paragraph 37, which charges unlawful distribution, appears to be boilerplate that may be included in every DIRECTV complaint. Identical allegations are made in paragraph 37 of the complaints in the two other DIRECTV cases pending before this court, DIRECTV, Inc. v. David Annand, 03-12335-MLW and DIRECTV, Inc. v. Jay DeSimone, 03-12295-MLW.

DIRECTV and its counsel represent that prior to filing the

3

Complaint in this case, expert analysis indicated that an "Atomic Multi-Purpose" device could be used to modify multiple DIRECTV access cards. They also assert that there was a market for such altered cards. The court recognizes that there is no "safe harbor" when the court rather than opposing counsel raises the question of whether Rule 11 sanctions should be imposed. Compare Rules 11(c)(1)(A) and (B). There is, however, "nothing in Rule 11 preventing the district court from instituting something in the nature of a Rule 11 safe harbor procedure by giving the author of the challenged paper a . . . period of grace." See Wright & Miller, §1337.2. In response to the September 17, 2004 Memorandum and Order DIRECTV filed an Amended Complaint that eliminated the allegations of distribution, as well as the claims contained in Count 3 (for distribution under 47 U.S.C. §605(e)(4)) and Count 4 (for modification of devices under 47 U.S.C. §605(e)(4)). In these circumstances, the court is not imposing Rule 11 sanctions on DIRECTV or its counsel.

However, the court has the additional concern that in its memorandum in support of its motion for default judgment DIRECTV may have provided an incomplete and misleading statement of the applicable law. DIRECTV moved for default judgment only on Count 2 (regarding intentional interception) and Count 4 (modification of access device). See Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (Docket No. 9) at 1. DIRECTV states,

however:

> The plaintiff is entitled to judgment under all of the counts of its complaint. Yet, the plaintiff is moving for judgment pursuant to counts II and IV simply because that once liability is established through the default the minimum statutory damage for either of these counts is $10,000.00. Accordingly, this court should be able to enter judgment with the minimum statutory damages of $10,000.00 without the necessity of a hearing on damages.

Id. at 1-2. Thus, in a submission that DIRECTV's counsel, at least, knew would not be challenged by an opposing counsel, DIRECTV asserted that the court has no discretion and must award DIRECTV statutory damages of at least $10,000.

As described in the September 17, 2004 Memorandum and Order, this may be a misstatement of the law. 47 U.S.C. §605(e)(3)(B) states that:

> the court (i) <u>may</u> grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section:
>
> (ii) <u>may</u> award damages as described in subparagraph (C); and
>
> (iii) <u>shall</u> direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

Id. (Emphasis added).

Similarly, 18 U.S.C. §2520(b) provides that:

> In an action under this section, appropriate relief includes –
>
> (1) such preliminary and other equitable or declaratory relief <u>as may be appropriate</u>;
>
> (2) damages under subsection (c) and punitive damages <u>in appropriate cases</u>; and

5

>      (3) a reasonable attorney's fee and other litigation
>      costs reasonably incurred.

18 U.S.C. §2520(b) (emphasis added).

Therefore, as this court explained in the September 17, 2004 Memorandum and Order at 4-5, the text of the two statutes is clear. The court must award reasonable attorney's fees for a successful civil action brought under 47 U.S.C. §605, and Title III. However, the decision to award damages is discretionary under both 47 U.S.C. §605 and Title III. See <u>DIRECTV, Inc. v. Brown</u>, No. 03-16094, 2004 WL 1178469, at *3-*4 (11th Cir. May 28, 2004) (finding that damages award under 18 U.S.C. §2520 is discretionary); <u>DIRECTV, Inc. v. Huynh</u>, No. 1:03-cv-0826-T, 2004 WL 1123830, at *5-*7 (M.D. Ala. May 19, 2004) (finding award of <u>reasonable</u> attorney's fees mandatory but award of damages discretionary); <u>DIRECTV, Inc. v. Guzzi</u>, 308 F. Supp. 2d 788, 790 (E.D. Mich. 2004) ("The Sixth Circuit agreed with the Fourth and Eighth Circuits in determining that district courts enjoy discretion whether to assess damages under 18 U.S.C. §2520(c)(2)."); <u>Romana v. Terdick</u>, 939 F.Supp. 144, 147-48 (D. Conn. 1996). <u>But see</u> <u>Rodgers v. Wood</u>, 910 F.2d 444, 448 (7th Cir. 1990) (finding that there is no discretion to refuse to award damages under §2520).

As noted earlier, Mr. McLaughlin untimely filed a supplemental response without seeking leave of this court. In that submission, he argued that in <u>Desilets v. Wal-Mart Stores, Inc.</u>, 171 F.3d 711, the First Circuit held that the minimum statutory damages award for

a violation of 18 U.S.C. §2520 is $10,000.

> No doubt [§2520(c)(2)] anticipates a range of possible circumstances, extending from one violation on one day to scores of distinct violations on another day, and even a multitude of days on which violations occur. Whatever the circumstances, however, if violations occur on 100 days or less, then the minimum statutory award of $10,000 must be paid.

Id. at 714. This argument is not convincing. Desilets was appealed from a jury verdict of $20,000 for the interception and dissemination of communications. The First Circuit held that §2520 does not authorize separate statutory damage awards for the interception and dissemination of communications. The decision does not address a district court's discretion not to award any damages at all.

As this court explained in the September 17, 2004 Memorandum and Order at 4-5, the statutory language of §2520 indicates that district courts have discretion not to award damages. See Romano, 939 F.Supp. at 147 ("The term 'may' generally denotes a grant of permissive authority."). The majority of courts to address this issue have also reached this conclusion. Id.; DIRECTV, Inc. v. Brown, 2004 WL 1178469 at *3-*4; DIRECTV, Inc. v. Huynh, 2004 WL 1123830 at *5-*7; DIRECTV, Inc. v. Guzzi, 308 F. Supp. 2d at 790. But see Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990) (finding that there is no discretion to refuse to award damages under §2520).

In view of the filing of the Amended Complaint, the motion for

default judgment is moot. It is now necessary and appropriate for DIRECTV to serve the Amended Complaint, move for a default and default judgment, if and when appropriate, and properly brief any motion for default judgment. Such briefing shall properly state the applicable law, explain why the court should exercise its discretion to award damages, and provide a proper basis for calculating an award of reasonable attorneys fees, which shall not include any amount for work done since the September 17, 2004 Memorandum and Order. See Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).

                      /s/ Mark L. Wolf
             UNITED STATES DISTRICT JUDGE